UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TIESHA D. COLE, | ) CASE NO. 1:06 CV 2474 |
| Plaintiff, | ) JUDGE PATRICIA A. GAUGHAN |
| v. | ) |
| | ) MEMORANDUM OF OPINION |
| VILLAGE OF NEWBURGH HTS. POLICE DEPT., | ) AND ORDER |
| Defendant. | ) |

On October 13, 2006, plaintiff pro se Tiesha D. Cole filed this in forma pauperis 42 U.S.C. § 1983 action against the Village of Newburgh Hts. Police Dept. The complaint asserts plaintiff's civil rights were violated in connection with her arrest, prosecution, and conviction for unspecified offenses concerning her treatment and care of her children.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

As a threshold matter, section 1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Government entities may be deemed liable for the unconstitutional actions of their agents only when those actions are the result of official policies or customs. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). The complaint contains no suggestion of a custom or policy of defendant which resulted in the deprivation of a federally protected right of plaintiff.

Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of her rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, she may not recover damages for her claim. Heck v. Humphrey, 512 U.S. 477 (1994).

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith. IT IS SO ORDERED.

<pre>
                              /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              UNITED STATES DISTRICT JUDGE
</pre>

Dated: 11/20/06